IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIGUEL GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3327 |
| | § | |
| PORT PACKAGING, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**ORDER ENTERING FINAL DEFAULT JUDGMENT**

Miguel Gonzalez sued his employer, Port Packaging, L.L.C., alleging that he was not paid overtime wages required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (Docket Entry No. 1). Felix Rodriguez-Salinas, also a Port Packaging employee, became a party plaintiff to the lawsuit on November 1, 2018. (Docket Entry No. 5). Port Packaging was properly served but did not appear, answer, assert a defense, or give any indication that it intended to do so.

Gonzalez has moved for default judgment and seeks overtime pay damages, liquidated damages, and attorney's fees. (Docket Entry No. 12). The court enters final default judgment, awarding Gonzalez overtime pay damages and liquidated damages, but not attorney's fees. Counsel may move to recover fees and costs under Federal Rule of Civil Procedure 54(d)(1) and (2), with supporting documentation, no later than 14 days after this judgment is entered.

**I.     Background**

Gonzalez worked for Port Packaging as a warehouse worker from April 2016 to September 12, 2017, loading and unloading cargo, typically for 12 hours a day, 6 days a week. (Docket Entry No. 12-1 at ¶¶ 2, 5). Rodriguez-Salinas also loaded and unloaded cargo 12 hours a day for 6 days a week, from 2014 to April 2018. (Docket Entry No. 12-2). Of the 72 hours per week Gonzalez

and Rodriguez-Salinas each worked, 32 hours were overtime. (Docket Entry Nos. 12-1 at ¶ 5; Docket Entry No. 12-2 at ¶ 5). Neither Gonzalez nor Rodriguez-Salinas received overtime pay. (Docket Entry No. 12-1 at ¶ 6; Docket Entry No. 12-2 at ¶ 6). Port Packaging instead paid its warehouse workers $220 for each train car they loaded and unloaded, which was split among 4 warehouse workers. (Docket Entry No. 12-1 at ¶ 3; Docket Entry No. 12-2 at ¶ 3). Warehouse workers normally loaded and unloaded 4 train cars per day, earning a total of $220. (Docket Entry No. 12-1 at ¶¶ 3–4; Docket Entry No. 12-2 at ¶¶ 3–4)

Gonzalez alleges that Port Packaging hired, fired, paid, supervised, directed, disciplined, and scheduled its warehouse workers. (Docket Entry No. 1 at ¶¶ 21–23). Warehouse workers clocked in and out and reported to work at times Port Packaging set. (*Id.* at ¶ 23). Port Packaging taught its warehouse workers how to perform their jobs and provided necessary equipment. (*Id.*).

After suit was filed, Gonzalez's process server tried but failed to serve Port Packaging's registered agent in person. (Docket Entry No. 12 at 2). The court allowed service by certified mail. (Docket Entry Nos. 6, 7). A process server sent the summons and complaint to Port Packaging by certified mail on January 15, 2019. (Docket Entry No. 12-3). Because Port Packaging did not appear, answer, file a Rule 12(b) motion, or request more time to do so, the court entered default. (Docket Entry Nos. 10, 11). In moving for a default judgment, Gonzalez has filed his own affidavit; an affidavit from his counsel; an affidavit from Rodriguez-Salinas; and proof that the default-judgment motion was sent to Port Packaging by certified mail. (Docket Entry Nos. 12-1, 12-2, 12-3, 12-4). Gonzalez argues that the complaint states a plausible claim and that Port Packaging's failure to appear, answer, or move under Rule 12(b) supports final default judgment for $126,720 in damages, calculated based on the unpaid overtime damages and

liquidated damages for both Gonzalez and Rodriguez-Salinas, and $19,077.40 in attorney's fees and $844.30 in costs. (Docket Entry No. 12 at 1–2, 6).

## II.     Legal Standard

After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The plaintiff must submit evidence supporting that the defendant has been properly served with the summons, complaint, and the default judgment motion. *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013); S.D. TEX. LOCAL R. 5.5 (a default judgment motion "must be served on the defendant-respondent by certified mail (return receipt requested)"). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten*, 788 F.3d at 496 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. *See Wooten*, 788 F.3d at 497–98. "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu*, 515 F.2d at 1206.

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility than a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Generally, the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 344 (5th Cir. 1977). The court may enter default judgment where "the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

**III.   Analysis**

The record evidence shows that Port Packaging was properly served by certified mail with the summons and the complaint and that Gonzalez sent the default judgment motion to Port Packaging by certified mail. (*See* Docket Entry No. 12-3). This lawsuit has been pending since September 2018, and Port Packaging has not appeared, answered, moved under Rule 12(b), or asked for time to do so. It has been "essentially unresponsive." *Pelican Homestead*, 874 F.2d at 276.

Gonzalez seeks unpaid overtime damages under the FLSA. (Docket Entry No. 1 at ¶ 3). He alleges that Port Packaging misclassified its warehouse workers as independent contractors and did not pay them overtime in violation of the FLSA. (*Id.* at ¶ 1). The FLSA "requires an employer to compensate any covered employee who works in excess of 40 hours in a workweek 'at a rate not less than one and one-half times the [employee's] regular rate.'" *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 331–334 (5th Cir. 2017) (alteration in original) (quoting 29 U.S.C. § 207(a)(1)).

An FLSA unpaid overtime claim requires that: (1) an employer-employee relationship existed during the claimed unpaid overtime periods; (2) the employee was involved in activities within FLSA coverage; (3) the employer violated the overtime wage requirement; and (4) the amount of overtime compensation owed. *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). "Once the employee establishes a *prima facie* case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Id.* (quoting *Harvill v. Westward Comm'cns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005)). "If the employer claims 'that the suing employee is exempt from the overtime requirement,' then the employer 'has the burden of proving that the employee falls within the claimed exempted category.'" *Id.* (quoting *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)).

The complaint alleges facts showing that Gonzalez's unpaid overtime claim is plausible. Gonzales alleges that an employer-employee relationship existed when he worked overtime because Port Packaging "hired/fired, issued pay, supervised, directed, disciplined [and] scheduled" warehouse workers and instructed "when, where, and how they were to perform their work." (Docket Entry No. 1 at ¶¶ 21–22). Port Packaging invested more than its warehouse workers in

its business, providing all the equipment and tools the workers used at the warehouse. (*Id.* at ¶ 24). The warehouse workers were economically dependent on Port Packaging because they worked "so many hours per week that, as a practical matter, they were prevented from working for any other company." (*Id.* at ¶ 23(g)). Because Port Packaging substantially controlled its warehouse workers, invested more in the business than its workers, and determined its workers' opportunity for profit and loss, the court finds that the complaint presents a plausible claim that Gonzalez and Rodriguez-Salinas were Port Packaging employees.

The complaint also alleges facts plausibly showing that: Gonzalez engaged in activities within FLSA coverage because he loaded and unloaded cargo for Port Packaging; Port Packaging violated the FLSA's overtime wage requirement because it did not pay its warehouse workers time-and-a-half when they worked more than 40 hours in a week; and the amount of overtime compensation due because the complaint states the number of overtime hours worked and the workers' hourly rate.

Gonzalez has moved for $19,077.40 in attorney's fees and $844.30 in costs, but his counsel has not submitted any records of hours worked in support. (Docket Entry No. 12 at 6). Under 29 U.S.C. § 216(b), a plaintiff is entitled to reasonable attorney's fees and costs in a successful action under the Act. Because Gonzalez is entitled to statutory damages, he is also entitled to reasonable attorney's fees. But without his counsel's record of her time spent on the case or a breakdown of costs, the court cannot determine if the fees requested are reasonable and must deny Gonzalez's motion for attorney's fees, without prejudice. *See TI Beverage Grp. Ltd. v. S.C. Cramele Recas SA*, No. LA CV 06-07793-VBF, 2014 WL 12013438, at *10 (C.D. Cal. Oct. 10, 2014); *see also La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (calculating reasonable

attorney's fees is a two-step process requiring evidence of the reasonable hours spent on the litigation).

The Fifth Circuit uses the lodestar analysis to determine reasonable attorney's fees. *Turner v. Oxford Mgmt. Servs., Inc.*, 552 F. Supp. 2d 648, 650 (S.D. Tex. 2008) (citing *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996)). The lodestar amount is "the product of reasonable hours times a reasonable rate." *Pennsylvania v. Del. Valley Council for Clean Air*, 478 U.S. 546, 565 (1986). There is a "'strong presumption' that the lodestar represents the 'reasonable' fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010).

Rodriguez did not submit billing records for her work on the case. (*See* Docket Entry No. 12-4). She has not submitted "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done," nor any other document describing the nature and amount of the work performed. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Because Rodriguez has not submitted billing records, this court cannot determine whether the hours expended on the litigation were reasonable. Gonzalez's motion for attorney's fees is denied, without prejudice.

Gonzalez also seeks $844.30 in costs. Under the FLSA, an employer is liable to a successful plaintiff for "costs of the action." 29 U.S.C. § 216(b). The costs include the cost of filing the complaint and the cost of service of summons. While Rodriguez stated that the $844.30 "is mostly associated with the filing of this Complaint, the attempted/completed service of process, and administrative expenses," she did not provide a breakdown of how much was spent on each expense. (Docket Entry No. 12-4 at 1–2). Without a more detailed showing of where the $844.30 was spent, the court is unable to determine if counsel exercised billing judgment. Because

Gonzalez has failed to satisfy the burden of showing the exercise of billing judgment, the court denies his motion for default judgment as to costs. (Docket Entry No. 12).

Accepting the complaint's allegations as true, the court finds that Gonzalez has incurred unpaid overtime damages and is entitled to default judgment. However, the court does not have enough information to determine that the requested attorney's fees and costs are reasonable, and the motion for default judgment is denied as to those expenses, without prejudice.

**IV.     Conclusion**

The motion for final default judgment is granted for unpaid overtime damages and liquidated damages and denied without prejudice for attorney's fees. (Docket Entry No. 12). Final default judgment is entered against Port Packaging in the amount of $126,720. Final judgment is separately entered. Counsel may move to recover fees and costs under Federal Rule of Civil Procedure 54(d)(1) and (2), with supporting documentation and specifying post-judgment interest if applicable, no later than 14 days after judgment is entered.

SIGNED on July 16, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge